FREDI MAGALLAN ARCIGA,       )
                            )
        **Petitioner,**       )
                            )
**vs.**                      )        **ORDER**
                            )
**STATE OF NORTH CAROLINA,**   )
                            )
        **Respondent.**     )
_____)

**THIS MATTER** is before the Court upon Petitioner Fredi Magallan Arciga's Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1).  Also before the Court is

Petitioner's Amended Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 4).

## I.  BACKGROUND

According to his habeas petition, Petitioner pled guilty on June 8, 2010 in McDowell

County Superior Court to one count of second degree sexual offense and one count of felonious

restraint.  Pet. 1-2, ECF No. 1.[1]  Judgment was entered on March 30, 2011.  Pet., supra, at 1.

Petitioner does not indicate anywhere in his petition whether he filed a direct appeal or a petition

for discretionary review of his convictions and sentence in the North Carolina appellate courts.

Petitioner also does not state whether he sought post-conviction relief by way of a Motion for

Appropriate Relief ("MAR") in the McDowell County Superior Court.  He does acknowledge,

however, that none of the grounds for relief cited in his petition were raised previously in the

state courts.  Pet., supra, at 5-6, 8, 10, 11.

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

The instant habeas petition shows that Petitioner signed and placed the petition in the Morrison Correctional Institution mailbox on January 22, 2015.  Pet., <u>supra</u>, at 16.  It was received and docketed in federal district court on January 27, 2015.  Petitioner also filed a handwritten copy of the standard federal "Application to Proceed in District Court Without Prepaying Fees or Costs," AO Form 239 (Rev. 12/13), which he did not sign.  IFP Mot. 4, ECF No. 2.  Petitioner, moreover, failed to answer the majority of the questions in the application.

An initial review of the habeas petition indicated that it was untimely.  In an order entered on February 2, 2015, Petitioner was directed to file an amended IFP application, a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of the complaint, and an explanation for the untimeliness of his § 2254 habeas petition, including any reasons why equitable tolling should apply.  Order 4, ECF No. 3 (citing <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002)).

On February 13, 2015, Petitioner filed a signed copy of his original IFP application, leaving the same questions unanswered.  Am. IFP Mot. (Doc. No. 4).  Additionally, he filed an uncertified copy of his trust fund account statement for the week prior (Feb. 2-9, 2015). (Doc. No. 5).  Finally, he filed a four-page document written entirely in Spanish.  (Doc. No. 4-1).

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly.  Rule 4, 28 U.S.C.A. foll. § 2254.  When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion.  <u>Id.</u>

## III.   DISCUSSION

### A.  Motion To Proceed **In Forma Pauperis**

The Court first considers Petitioner's amended IFP Motion (Doc. No. 4).  Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave by the court to proceed without prepayment of fees and costs because the petitioner is indigent.  The petitioner must provide the court with an affidavit of indigency, usually a completed "Application to Proceed in District Court Without Prepaying Fees or Costs," which is available to most state and federal inmates.

Furthermore, pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed in a § 2254 action without prepayment of fees "shall submit a certified copy of the trust fund account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  The provisions of 28 U.S.C. § 1915(a)(2) are mandatory.

Petitioner has provided neither a completed affidavit of indigency nor the required trust fund account statement for the 6-month period immediately preceding the filing of his § 2254 habeas petition.  Consequently, this Court has no information regarding Petitioner's asserted indigency, and his amended motion to proceed in forma pauperis shall be denied.

### B.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions.  28 U.S.C. § 2244(d)(1).  The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  The limitations

period is tolled during the pendency of a properly filed state post-conviction action. §
2244(d)(2).

It appears that Petitioner's conviction became final on or about April 13, 2011. Judgment
was entered on March 30, 2011, when Petitioner was sentenced. Petitioner then had 14 days to
file a notice of appeal in the North Carolina Court of Appeals. <u>See</u> N.C. R. App. P. 4(a)(2).
Although provided an opportunity to do so, <u>see</u> Order, ECF No. 3, Petitioner has provided no
evidence that he sought any type of review – direct or discretionary – in the state appellate
courts. [2] Therefore, absent any evidence to the contrary, his conviction became final on April 13,
2011, when the time for seeking direct review expired. <u>See</u> § 2244(d)(1)(A). The federal statute
of limitations then proceeded to run for 365 days until it fully expired on or about April 13, 2012,
almost three years before Petitioner placed the instant habeas petition in the prison mailbox.

To the extent that he addresses the timeliness issue in his habeas petition, Petitioner cites
§ 2244(d)(1)(B), Pet., <u>supra</u>, at 14-15, which provides that ADEPA's one-year statute of
limitations begins to run from "the date on which the impediment to filing [a federal habeas
petition] created by State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(B). It
appears that the "impediment" to Petitioner filing a timely petition was his lack of access to pre-
trial discovery. Pet., <u>supra</u>, at 5, 7, 8, 11.

As an initial matter, Petitioner has not identified the date on which the alleged
impediment to his filing a timely habeas petition was removed, as required by § 2244(d)(1)(B).

---

[2] A district court employee who is a fluent in Spanish translated the document Petitioner filed, ECF No. 4, in
response to this Court's <u>Hill</u> notice, ECF No. 3, so that the Court could determine whether Petitioner had addressed
the timeliness issue as directed.

Additionally, Petitioner has not shown that he was entitled to discovery under either the federal Constitution or federal law.

In Brady v. Maryland, the Supreme Court held that the Due Process Clause requires the government to disclose "evidence favorable to an accused upon request ... where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963). There is, however, "'no general constitutional right to discovery.'" United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010) (quoting Weatherford v. Bursey, 429 U.S. 545, 559 (1977)).

Petitioner has failed to demonstrate that he requested discovery from the State.[3] Attached to the habeas petition is a letter from the McDowell County Clerk of Superior Court responding to Petitioner's request for a "motion for discovery." Pet., supra, at 7. The letter informs Petitioner that there is no "form" for a motion for discovery and suggests that he contact Prisoner Legal Services for assistance or draft his own motion for discovery and forward it to the district attorney's office. Pet., supra. The letter also states that the clerk sent Petitioner a copy of his criminal file. Pet., supra. Unfortunately, the letter is not dated, and Petitioner gives no indication when he made his request. He also does not indicate whether he sent his own motion for discovery to the district attorney's office.[4]

More importantly, Petitioner has provided no evidence that the State is in possession of favorable evidence that would have been material to his guilt or punishment. Petitioner claims that his guilty pleas were involuntary due to ineffective assistance of counsel and prosecutorial misconduct. Pet., supra, 5. Petitioner asserts that the victim, his wife, lied to the investigating

---

[3] Petitioner was represented by counsel prior to trial, during entrance of his plea, and at sentencing. One of the assertions in the instant petition, is that counsel did not show him the discovery provided by the State.

[4] A statutory right to discovery in post-conviction is limited under North Carolina law to defendants represented by counsel. See N.C. Gen. Stat. § 15A-1415(f) (2009).

detective; that he had not had intercourse with his wife for two months; that his attorney did not show him the discovery provided by the State; and that the State does not have any reports by law enforcement agencies or medical professionals showing that he raped his wife. The gist of Petitioner's argument appears to be that the only evidence the State had of his guilt was his wife's statement to the investigating detective. An absence of evidence is not the equivalent of favorable material evidence for <u>Brady</u> purposes, however.

Furthermore, Petitioner did not need discovery from the State to raise the claims found in his habeas petition. Petitioner would have known at the time that he pled guilty whether his wife had lied to investigators and whether there could be physical evidence to support her allegations based upon his own memory of when they had last had consensual intercourse.

Petitioner has failed to demonstrate that unconstitutional action on the part of the State prevented him from filing a timely habeas petition. As such, § 2244(d)(1)(B) is inapplicable, and the federal statute of limitations began to toll on April 13, 2011, when judgment of conviction became final, § 2244(d)(1)(A). Petitioner's habeas petition, therefore, is time-barred and must be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling. <u>See, e.g.,</u> <u>Hill</u>, 277 F.3d at 707 (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)."). Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see</u> <u>also</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external

to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Based upon the foregoing, Petitioner has not demonstrated that he has been diligently pursing his rights since judgment was entered on March 30, 2011.  Moreover, Petitioner has not identified any extraordinary circumstance that stood in the way of his filing a timely petition.  As such, he is not entitled to equitable tolling, and his petition will be dismissed as untimely.

### C.  Exhaustion

Under AEDPA, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court.  28 U.S.C. § 2254(b)(1)(A).  To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner concedes that none of the claims raised in his § 2254 habeas petition have been presented to the state courts.  Pet., 5-6, 8, 10, 11, ECF No. 1.  He, therefore, has failed to fully exhaust his state remedies.

### III.     CONCLUSION

Petitioner's § 2254 habeas petition is untimely, and the circumstances here do not warrant equitable tolling.  See Harris, 209 F.3d at 330 (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").  Furthermore, the claims Petitioner raises have not

been exhausted in the state courts as required by § 2254(b)(1)(A).  His petition, therefore, will be dismissed.

## IV.     ORDER

**IT IS, THEREFORE, ORDERED** that:

1)  Petitioner's petition for a writ of habeas corpus (Doc. No. 1), is **DISMISSED** as untimely;

2)  Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2), and Amended Motion to Proceed In Forma Pauperis (Doc.No. 4), are **DENIED**; and

3)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 11, 2015

Frank D. Whitney
Chief United States District Judge